**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>LEHMAN BROTHERS HOLDINGS INC.,<br><br>Debtor. | Chapter 11 Case No.<br>08-13555 (JMP)<br><br>(Jointly Administered) |
| Lehman Brothers Holdings Inc., in its capacity as Plan Administrator on behalf of Lehman Brothers Special Financing Inc.<br><br>    Plaintiff,<br><br>v.<br><br>LCOR Alexandria L.L.C.,<br>PTO Holdings LLC, and<br>Does 1-10<br><br>    Defendants. | Adv. Proc. No. 13-01689 (JMP)<br><br>**ANSWER** |

**ANSWER**

Defendants LCOR Alexandria L.L.C. ("LCOR") and PTO Holdings LLC ("PTO") (collectively, "Defendants"), by and through their undersigned counsel, DLA Piper LLP (US), answer the Complaint of Lehman Brothers Holdings Inc. ("LBHI") in its capacity as Plan Administrator on behalf of Lehman Brothers Special Financing Inc. ("LBSF") as follows:

1.    Defendants deny the allegations set forth in paragraph 1 of the Complaint.

**PRELIMINARY STATEMENT**

2.    Defendants deny the allegations set forth in paragraph 2 of the Complaint.

3.  Defendants deny the allegations set forth in paragraph 3 of the Complaint, and respectfully refer the Court to the entire ISDA Master Agreement[1] governing the interest rate swap transaction between LCOR and LBSF (the "Lehman Swap") for all of its terms and conditions, except LCOR admits that it was entitled to measure its Loss.[2]

- Defendants deny the allegations set forth in bullet point 1 to paragraph 3 of the Complaint.

- Defendants deny the allegations set forth in bullet point 2 to paragraph 3 of the Complaint.

- Defendants deny the allegations set forth in bullet point 3 to paragraph 3 of the Complaint.

- Defendants deny the allegations set forth in bullet point 4 to paragraph 3, except admit that LCOR and Barclays entered into an interest rate swap agreement. Defendants respectfully refer the Court to the entire ISDA Master Agreement between LCOR and Barclays, dated December 8, 2008, together with all schedules, annexes, and exhibits thereto (the "Barclays Swap Agreement") for all of its terms and conditions.

- Defendants admit that Barclays made a payment of $15,640,000 to PTO pursuant to the Muni Swap Insured Confirmation to the Barclays Swap Agreement, dated December 8, 2008 (the "Barclays Confirmation"), but otherwise deny the remaining allegations set forth in bullet point 5 to paragraph 3 of the Complaint.

---

[1] Capitalized terms used but not defined herein shall have the meanings given to them in the 1992 form (Local Currency-Single Jurisdiction) ISDA Master Agreement, dated as of December 13, 2001 (together with all schedules, annexes, and exhibits thereto, the "Master Agreement").

[2] The allegations set forth in footnote 2 of the Complaint are vague and ambiguous, as a result, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of these allegations.

2

- Defendants deny the allegations set forth in bullet point 6 to paragraph 3 of the Complaint, except admit that LCOR claimed reimbursements for certain costs, expenses, and fees incurred in terminating and replacing the Lehman Swap.

4. Defendants admit that PTO received $15,640,000 from Barclays and deny the remaining allegations set forth in paragraph 4 of the Complaint.

## JURISDICTION AND VENUE

5. Defendants admit that on September 15, 2008 LBHI, and sometime thereafter LBSF, commenced in this Court voluntary cases under Chapter 11 of the Bankruptcy Code. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 5 of the Complaint.

6. The allegations set forth in paragraph 6 of the Complaint state conclusions of law to which no response by Defendants is required.

7. Defendants deny the allegations set forth in paragraph 7 of the Complaint.

8. Defendants admit the allegations set forth in paragraph 8 of the Complaint.

9. Defendants deny the allegations set forth in paragraph 9 of the Complaint.

10. Defendants admit the allegations set forth in paragraph 10 of the Complaint.

## THE PARTIES

11. Defendants admit that on December 6, 2011, the Court approved and entered an order confirming the Modified Third Amended Joint Chapter 11 Plan of LBHI (the "Plan"), and that the Plan became effective on March 6, 2012. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 11 of the Complaint.

12. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 12 of the Complaint.

13. Defendants admit the allegations set forth in paragraph 13 of the Complaint.

14. Defendants admit the allegations set forth in paragraph 14 of the Complaint.

15. Defendants deny the allegation set forth in paragraph 15 of the Complaint that PTO distributed the $15,640,000 received from Barclays to Does 1-10. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 15 of the Complaint.

## BACKGROUND FACTS

A. The Master Agreement and the Swap

16. Defendants admit that the parties entered into the Master Agreement and the Fourth Amended and Restated Confirmation to the Master Agreement dated March 30, 2005 and respectfully refer the Court to those agreements for all of their terms and conditions.[3]

17. Defendants admit that the Lehman Swap had a maturity date of September 15, 2032 and an initial notional amount of $60,200,000 tied to LCOR's floating interest-rate exposure on its Series 2001 E Floating Rate Bonds backed by the lease of the United States Patent and Trademark Office of a five building office complex in Alexandria, Virginia. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 17 of the Complaint.

18. Defendants deny the allegations set forth in paragraph 18 of the Complaint.

19. Defendants admit the allegations set forth in paragraph 19 of the Complaint, and respectfully refer the Court to the entire Master Agreement and the December 9, 2008 termination notice for all of their terms and conditions.

---

[3] Defendants admit the allegations set forth in footnote 3 of the Complaint.

4

20. Defendants deny the allegations set forth in paragraph 20 of the Complaint, except admit that the language quoted therein is contained in the Master Agreement, and respectfully refer the Court to the entire Master Agreement for all of its terms and conditions.

21. Defendants admit the allegations set forth in paragraph 21 of the Complaint, and respectfully refer the Court to the entire Master Agreement for all of its terms and conditions.

22. Defendants admit that the quoted language in paragraph 22 of the Complaint appears in the Master Agreement and that when Market Quotation cannot be determined or would not (in the reasonable belief of the party making the determination) produce a commercially reasonable result, the Master Agreement requires reversion to the Loss measure to value the terminated Swap. Defendants respectfully refer the Court to the entire Master Agreement for all of its terms and conditions and deny the remaining allegations set forth in paragraph 22 of the Complaint.

23. Defendants deny the allegations set forth in paragraph 23 of the Complaint, except admit that the language quoted therein is contained in the Master Agreement, and respectfully refer the Court to the entire Master Agreement for all of its terms and conditions.[4]

B.   LCOR Enter into the Barclays Swap

24. Defendants deny the allegations set forth in paragraph 24 of the Complaint, except admit that the Barclays Swap Agreement is dated December 8, 2008 and that Barclays paid $15,640,000 in connection with that agreement.

25. Defendants deny all allegations of wrongdoing set forth in paragraph 25 of the Complaint, admit that the quoted language appears in the Barclays Confirmation, and

---

[4] Defendants admit that the explanation of "Unpaid Amounts" in footnote 4 of the Complaint is accurate. To the extent that footnote 4 of the Complaint alleges that Defendants owe or owed Unpaid Amounts to Plaintiff, Defendants deny the allegation in footnote 4 of the Complaint.

5

respectfully refer the Court to the entire Barclays Confirmation for all of its terms and conditions.

26. Defendants deny the allegations set forth in paragraph 26 of the Complaint and aver that Plaintiff's characterizations require no response.

27. Defendants admit that PTO was incorporated on December 5, 2008 and that the Barclays Confirmation provided that the $15,640,000 payment from Barclays was to be paid on behalf of LCOR to a Bank of America account held in the name of PTO. Defendants deny the remaining allegations set forth in paragraph 27 of the Complaint.

28. Defendants admit the allegations set forth in paragraph 28 of the Complaint.

29. Defendants deny the allegations set forth in paragraph 29 of the Complaint

- In response to bullet point 1 to paragraph 29 of the Complaint, Defendants admit that PTO received $15,640,000 from Barclays.

- Defendants deny the allegations set forth in bullet point 2 to paragraph 29 of the Complaint.

- Defendants deny the allegation set forth in bullet point 3 to paragraph 29 of the Complaint.

- Defendants deny the allegations set forth in bullet point 4 to paragraph 29 of the Complaint.

C. <u>LCOR's Flawed Valuation Process and Calculation of the Early Termination Payment</u>

30. Defendants admit that LCOR retained Chatham Financial ("<u>Chatham</u>") to assist LCOR in conducting a Market Quotation process and that Chatham did not receive any quotations from at least four Reference Market-makers that it solicited. Defendants further

6

admit that LCOR reverted to the Loss measure to calculate the Early Termination payment. Defendants deny the remaining allegations set forth in paragraph 30 of the Complaint.

31.  Defendants admit that after delivering the Early Termination Notice to LBSF, LCOR provided LBSF with a letter dated December 19, 2008, containing a calculation statement (the "Calculation Statement"), prepared under section 6(d)(i) of the Master Agreement. Defendants further admit that the Calculation Statement concluded that LBSF owed LCOR a payment of $6,712,965.06 as a result of LCOR's Early Termination of the Lehman Swap, including legal fees and expenses in the amount of $549,030, and Unpaid Amounts totaling $463,935.06 owed to LCOR by LBSF. Defendants admit that LCOR did not file a proof of claim against LBHI or LBSF for its loss. Defendants deny the remaining allegations set forth in paragraph 31 of the Complaint.

32.  Defendants deny the allegations set forth in paragraph 32 of the Complaint.

33.  Defendants deny the allegations set forth in paragraph 33 of the Complaint, except admit that the language quoted in paragraph 33 of the Complaint appears in the Master Agreement, and respectfully refer the Court to the entire Master Agreement for all of its terms and conditions.

34.  Defendants admit that the language quoted in paragraph 34 of the Complaint appears in the Master Agreement, and respectfully refer the Court to the entire Master Agreement for all of its terms and conditions. Defendants deny the remaining allegation set forth in paragraph 34 of the Complaint.

35.  Defendants deny the allegations set forth in paragraph 35 of the Complaint to the extent that they allege or imply that LCOR harmed LBSF and breached the Master Agreement.

7

Defendants respectfully refer the Court to the entire Master Agreement for all of its terms and conditions.

36. Defendants deny the allegations set forth in paragraph 36 of the Complaint except to the extent that Defendants respond otherwise to the bullet points to that paragraph.

- Defendants admit the allegation set forth in bullet point 1 to paragraph 36 of the Complaint.

- Defendants admit the allegation set forth in bullet point 2 to paragraph 36 of the Complaint.

- Defendants admit the allegation set forth in bullet point 3 to paragraph 36 of the Complaint.

- In response to the bullet point 4 to paragraph 36 of the Complaint, Defendants admit that the Barclays Swap Agreement is dated December 8, 2008 and has an effective date of December 16, 2008.

- Defendants admit the allegations set forth in bullet point 5 to paragraph 36 of the Complaint.

- In response to the bullet point 6 to paragraph 36 of the Complaint, Defendants admit that Barclays paid PTO $15,640,000 but deny that the payment was sent on December 10, 2008.

- Defendants deny the allegation set forth in bullet point 7 to paragraph 36 of the Complaint.

- Defendants deny the allegations set forth in bullet point 8 to paragraph 36 of the Complaint.

8

- Defendants deny the allegations set forth in bullet point 9 to paragraph 36 of the Complaint, except admit that the Lehman Swap terminated pursuant to the Early Termination Notice.

- Defendants admit the allegations set forth in bullet point 10 to paragraph 36 of the Complaint.

- Defendants admit the allegations set forth in bullet point 11 to paragraph 36 of the Complaint.

- Defendants admit the allegations set forth in bullet point 12 to paragraph 36 of the Complaint.

37. Defendants deny the allegations set forth in paragraph 37 of the Complaint.

38. Defendants deny the allegations set forth in paragraph 38 of the Complaint, except admit that LCOR never purchased an interest rate cap.

39. Defendants deny the allegations set forth in paragraph 39 of the Complaint.

40. Defendants deny the allegations set forth in paragraph 40 of the Complaint, except admit that the language quoted in paragraph 40 of the Complaint appears in the Master Agreement, and respectfully refer the Court to the entire Master Agreement for all of its terms and conditions.

D.  <u>The Parties Attempt Mediation</u>

41. Defendants deny the allegations set forth in paragraph 41 of the Complaint, except to admit the parties pursued mediation without success.

## COUNT I

### Breach of the Master Agreement

(*Against Defendant LCOR*)

42. Defendants repeat and incorporate by reference their responses to paragraphs 1 to 41 of the Complaint as if fully set forth herein.

43. Defendants deny all allegations of wrongdoing set forth in paragraph 43 of the Complaint and deny knowledge or information sufficient to form a belief as to the truth or falsity any remaining allegations.

44. Defendants admit that the Master Agreement provides that valuation of the Early Termination payment should occur on the Early Termination Date or on the earliest date thereafter, regardless of whether the Market Quotation or the Loss measure was chosen, and respectfully refer the Court to the entire Master Agreement for all of its terms and conditions. Defendants deny the remaining allegation set forth in paragraph 44 of the Complaint.

45. Defendants deny the allegations set forth in paragraph 45 of the Complaint.

## COUNT II

### Breach of the Master Agreement Based on LCOR's Breach of the Implied Covenant of Good Faith and Fair Dealing

(*Against Defendant LCOR*)

46. Defendants repeat and incorporate by reference their responses to paragraphs 1 to 45 of the Complaint as if fully set forth herein.

47. Defendants deny all allegations of wrongdoing set forth in paragraph 47 of the Complaint and deny knowledge or information sufficient to form a belief as to the truth or falsity any remaining allegations.

48. Defendants deny the allegations set forth in paragraph 48 of the Complaint.

49. Defendants deny the allegations set forth in paragraph 49 of the Complaint.

50. Defendants deny the allegations set forth in paragraph 50 of the Complaint.

## COUNT III

### Violation of Section 562 of the Bankruptcy Code

(*Against Defendant LCOR*)

51. Defendants repeat and incorporate by reference their responses to paragraphs 1 to 50 of the Complaint as if fully set forth herein.

52. Defendants admit that LCOR is the non-defaulting party. The remaining allegations in paragraph 52 of the Complaint contain conclusions of law to which no response by Defendants is required.

53. Defendants deny all allegations of wrongdoing set forth in paragraph 53 of the Complaint.

54. Defendants deny the allegations set forth in paragraph 54 of the Complaint.

## COUNT IV

### Turnover of LBSF's Property Interest in the Properly Calculated Termination Payment Pursuant to Section 542(b) of the Bankruptcy Code

(*Against Defendant LCOR*)

55. Defendants repeat and incorporate by reference their responses to paragraphs 1 to 54 of the Complaint as if fully set forth herein.

56. Paragraph 56 of the Complaint contains a conclusion of law to which no response by Defendants is required. To the extent a response is required, Defendants admit that the quoted language appears in the Bankruptcy Code and respectfully refer the Court to the entire Bankruptcy Code for all of its terms.

57. Paragraph 57 of the Complaint contains conclusions of law to which no response by Defendants is required. To the extent a response is required, Defendants deny all allegations of wrongdoing set forth in paragraph 57 of the Complaint.

58. Defendants deny the allegations set forth in paragraph 58 of the Complaint.

59. Paragraph 59 of the Complaint contains a conclusion of law to which no response by Defendants is required. To the extent that a response is required, Defendants deny the allegations set forth in paragraph 59 of the Complaint.

60. Paragraph 60 of the Complaint contains no factual allegations or merely a conclusion of law to which no response by Defendants is required. To the extent that a response is required, Defendants deny the allegations set forth in paragraph 60 of the Complaint.

## COUNT V

### Alternatively, Turnover of the Barclays Swap Proceeds Pursuant to Section 542(b) of the Bankruptcy Code

(*Against Defendant LCOR*)

61. Defendants repeat and incorporate by reference their responses to paragraphs 1 to 60 of the Complaint as if fully set forth herein.

62. Defendants admit that the quoted language appears in the Bankruptcy Code and respectfully refer the Court to the entire Bankruptcy Code for all of its terms.

63. Paragraph 63 of the Complaint contains a conclusion of law to which no response by Defendants is required. To the extent a response is required, Defendants deny all allegations of wrongdoing set forth in paragraph 63 of the Complaint and admit that LCOR entered into an agreement with Barclays dated December 8, 2008 and that Barclays paid $15,640,000 in connection with that agreement.

64. Paragraph 64 of the Complaint contains conclusions of law to which no response by Defendants is required. To the extent a response is required, Defendants deny all allegations of wrongdoing set forth in paragraph 64 of the Complaint.

65. Paragraph 65 of the Complaint contains no factual allegations or merely a conclusion of law to which no response by Defendants is required. To the extent that a response is required, Defendants deny the allegations set forth in paragraph 65 of the Complaint.

## COUNT VI

Turnover of the Barclays Swap Proceeds Pursuant to Section 542(a) of the Bankruptcy Code

(*Against Defendant PTO Holdings and Does 1-10*)

66. Defendants repeat and incorporate by reference their responses to paragraphs 1 to 65 of the Complaint as if fully set forth herein.

67. Defendants admit that the quoted language appears in the Bankruptcy Code and respectfully refer the Court to the entire Bankruptcy Code for all of its terms.

68. Paragraph 68 of the Complaint contains conclusions of law to which no response by Defendants is required. To the extent a response is required, Defendants deny all allegations of wrongdoing set forth in paragraph 68 of the Complaint.

69. Paragraph 69 of the Complaint contains a conclusion of law to which no response by Defendants is required. To the extent a response is required, Defendants deny the allegations set forth in paragraph 69 of the Complaint.

COUNT VII

Conversion

(*Against Defendants PTO Holdings and Does 1-10*)

70. Defendants repeat and incorporate by reference their responses to paragraphs 1 to 69 of the Complaint as if fully set forth herein.

71. Defendants deny the allegations set forth in paragraph 71 of the Complaint, except admit that LCOR directed Barclays to pay $15,640,000 to PTO.

72. Defendants deny the allegations set forth in paragraph 72 of the Complaint, and respectfully refer the Court to Defendants' responses to paragraph 29 of the Complaint above, as well as the responses to all bullet points thereto.

73. Paragraph 73 of the Complaint contains conclusions of law to which no response by Defendants is required. To the extent a response is required, Defendants deny the allegations set forth in paragraph 73 of the Complaint.

74. Paragraph 74 of the Complaint contains a conclusion of law to which no response by Defendants is required. To the extent a response is required, Defendants deny the allegations set forth in paragraph 74 of the Complaint.

COUNT VIII

Unjust Enrichment

(*Against Defendants PTO Holdings and Does 1-10*)

75. Defendants repeat and incorporate by reference their responses to paragraphs 1 to 74 of the Complaint as if fully set forth herein.

76. Paragraph 76 of the Complaint contains a conclusion of law to which no response by Defendants is required. To the extent a response is required, Defendants deny the allegations set forth in paragraph 76 of the Complaint.

77. Paragraph 77 of the Complaint contains conclusions of law to which no response by Defendants is required. To the extent a response is required, Defendants deny the allegations set forth in paragraph 77 of the Complaint.

## COUNT IX

### Default Interest

(*Against Defendant LCOR*)

78. Defendants repeat and incorporate by reference their responses to paragraphs 1 to 77 of the Complaint as if fully set forth herein.

79. Defendants deny the allegations set forth in paragraph 79 of the Complaint.

80. Defendants deny the allegations set forth in paragraph 80 of the Complaint.

81. Defendants deny the legal conclusions set forth in paragraph 81 of the Complaint, and admit that the language quoted in paragraph 81 of the Complaint appears in the Master Agreement, and respectfully refer the Court to the entire Master Agreement for all of its terms and conditions.

82. Defendants deny the allegations set forth in paragraph 82 of the Complaint.

## CONDITIONS PRECEDENT

Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in the "Conditions Precedent" paragraph of the Complaint.

15

## PRAYER FOR RELIEF

Defendants deny that Plaintiff is entitled to the relief prayed for in the Complaint, including the "WHEREFORE" lettered paragraphs in the Complaint.

## DEFENSES

Defendants state the following defenses without assuming the burden of proof as to any issue for which the burden is placed on another party. Defendants lack knowledge or information sufficient to form a belief as to whether they have other, as yet unstated, defenses. Defendants reserve the right to assert, and hereby give notice that they intend to rely upon, any other defense that may become available or appear during discovery or otherwise and reserve the right to amend their Answer to assert any such defense.

## FIRST DEFENSE

Plaintiff fails to state a claim upon with relief may be granted.

## SECOND DEFENSE

The Court lacks subject matter jurisdiction over some or all of Plaintiff's claims.

## THIRD DEFENSE

Plaintiff has not suffered any damages.

## FOURTH DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

## FIFTH DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of laches.

## SIXTH DEFENSE

Plaintiff's claims are barred or should be reduced by set off.

## SEVENTH DEFENSE

Plaintiff's claimed interest rate in these circumstances is unconscionable and barred by bad faith.

WHEREFORE, Defendants respectfully request that the Court enter judgment dismissing with prejudice all of Plaintiff's claims and grant Defendants such other and further relief as the Court deems just and proper.

Dated: New York, New York.
February 26, 2014

**DLA PIPER LLP (US)**

By: */s/ Thomas R. Califano*
Thomas R. Califano
Christopher P. Hall
Michael D. Hynes
1251 Avenue of the Americas
New York, NY 10020-1104
T: 212.335-4500
F: 212.335-4501

*Attorneys for Defendants LCOR Alexandria L.L.C. and PTO Holdings LLC*