**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>LEHMAN BROTHERS HOLDINGS INC.,<br><br>Debtor. | Chapter 11 Case<br>No. 08-13555 (SCC)<br><br>(Jointly Administered) |
| Lehman Brothers Holdings Inc., in its capacity as Plan Administrator on behalf of Itself and Lehman Brothers Special Financing Inc.,<br><br>Plaintiff,<br><br>v.<br><br>LCOR Alexandria L.L.C., PTO Holdings LLC, Does 1-10, Barclays Bank PLC, and Barclays Capital, Inc.,<br><br>Defendants. | Adv. Pro. No. 13-01689 (SCC)<br><br>**DECLARATION OF**<br>**JOHN DZIADZIO** |

I, JOHN DZIADZIO, declare as follows:

1. I am a Managing Director at Lehman Brothers Holdings Inc.

2. I have personal knowledge of the attempted settlement efforts that took place between Lehman Brothers Holdings Inc. ("LBHI"), in its capacity as Plan Administrator on behalf of Lehman Brothers Special Financing Inc. ("LBSF", and together with LBHI, "Lehman" or "Plaintiff") under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors and LCOR Alexandria, L.L.C. (and together with PTO Holdings LLC, the "LCOR Defendants") in the above-referenced dispute currently pending in the United Stated Bankruptcy Court, Southern District of New York. I respectfully

1

submit this declaration in support of Plaintiff's Motion for Leave to File a Second Amended Complaint.[1]

3. In making this declaration, I deliberately do not disclose the details of any settlement offers made or received by any party. However, the facts set forth below are necessary to rebut the LCOR Defendants' charge that actions taken or allegations made in connection with the proposed Second Amended Complaint were done in bad faith, and to set forth the bases of Lehman's good faith belief for its claims against the New Defendants.

4. On behalf of Lehman, I attempted in good faith to reach a mutual resolution with the LCOR Defendants prior to and after the filing of the Original Complaint in this action. In connection with these efforts, I met with both Mr. O'Toole and Mr. Gross regarding potential settlement with the LCOR Defendants.

5. Throughout our attempted settlement process, the message that Mr. O'Toole and Mr. Gross advanced was that Lehman would not be successful in executing a judgment and implied that the Barclays Swap Proceeds were no longer in LCOR's control.

6. In May 2013, I engaged in settlement discussions with Mr. Gross and Mr. O'Toole. In June 2013, Mr. Gross sent a communication regarding our settlement discussions that stressed "the superior understanding" he and Mr. O'Toole had "of the facts about which your [Lehman's] counsel is not well informed" as well as the "likely insurmountable obstacles to collection if the parties to do not reach agreement." These discussions did not result in a mutually agreeable settlement.

7. Based on Mr. Gross's comments, I understood his representation to mean that LCOR no longer held the Barclays Swap Proceeds.

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the Second Amended Complaint, attached as Exhibit A to Lehman's Motion.

2

8. On June 11, 2014, I attended a settlement meeting with Mr. O'Toole, acting on behalf of the LCOR Defendants, and Daniel Ehrmann, a Managing Director for Alvarez & Marsal, acting on behalf of Lehman. During this meeting, Mr. O'Toole was explicit that the approximately $15 million of Barclays Swap Proceeds was out of our reach and that Lehman would not be able to locate those funds.

9. Following that meeting, on July 22, 2014, Mr. O'Toole sent a letter to Mr. Ehrmann, on behalf of the LCOR Defendants. Mr. Ehrmann immediately forwarded that letter to me for my consideration. In that letter, Mr. O'Toole referred to the "limited cash resources" that would be available for settlement and noted that any judgment against LCOR would be of "limited economic value" due to its assets being encumbered by senior debt with significant prepayment penalties.

10. Thus, I again understood Mr. O'Toole to be representing that the Barclays Swap Proceeds had been transferred out of reach of any court judgment.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated:   New York, New York          By: _____
         July 31, 2015                    JOHN DZIADZIO